# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BEATRICE BUTLER, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-14-878-HE |
|  | ) |  |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

Beatrice Butler (Plaintiff) – appearing pro se[1] – filed this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision denying Plaintiff's application for disability insurance benefits and supplemental security income. *See* 42 U.S.C. § 405(g). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 3.

---

[1] The certified administrative record (AR) reflects that Plaintiff was represented by counsel at her administrative hearing and before the Appeals Council. AR 43, 14-18, 1-5, 8-13.

After a careful review of the AR, the parties' briefs,[2] and the relevant authority, the undersigned recommends the entry of judgment affirming the Commissioner's final decision. *See* 42 U.S.C. § 405(g).

## I. Disability.

Plaintiff claims "disability" as of September 15, 2008, at the age of forty-one. AR 142, 146.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

---

[2] Citations to the briefs reflect this Court's CM/ECF designation and pagination. Unless otherwise indicated, quotations in this report are reproduced verbatim.

2

## II. The Commissioner's final decision.

Adhering to the regulatory process adjudicators must follow to determine if a claimant is disabled within the meaning of the Social Security Act, the ALJ found Plaintiff: (1) is severely impaired by asthma, hypertension with edema, obesity, depression, and panic disorder; (2) has the residual functional capacity (RFC) to perform work at the light exertional level but is limited to work where she has a climate controlled work area with no concentrated exposure to fumes, odors, dusts, or gases and where she is required to perform only simple tasks with routine supervision and to interact appropriately with her supervisor and coworkers on no more than a superficial work basis;[3] (3) can perform jobs existing in the national economy; and so, (4) is not disabled. AR 25-35; *see* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the sequential process).

The Social Security Administration's Appeals Council found no reason to review that decision, and the ALJ's decision became the Commissioner's final decision. AR 1-5.

---

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**III. Analysis of the Commissioner's final decision.**

**A. Review standards.**

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

**B. Consideration of Plaintiff's pro se filings.**

Plaintiff appears pro se and the court construes her submissions liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Velasquez v. Astrue*, 301 F. App'x 778, 780 (10th Cir. 2008) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

4

Both with her complaint and during the time period before the Commissioner answered and filed the AR, Plaintiff submitted various records pertaining to her medical treatment and conditions after the Commissioner's final May 30, 2012, decision. Docs. 1, 5, 11, 12, 15. After the Commissioner filed the AR, the undersigned established a briefing schedule that allowed Plaintiff forty-five days "to present [her] position[] and legal authorities" regarding the administrative decision she is challenging. Doc. 19. Four days later, Plaintiff filed what she stated was her "Brief I guess." Doc. 20, at 1. She maintained that "I can not find a attorney," "I can't pay an attorney," "I will be at court when you want me there and I will bring Dr's papers telling you why I'm sick," and "I will be my attorney I guess." *Id.* at 1-2. The undersigned then advised Plaintiff (1) the court could not make arguments or search the record on her behalf; (2) there would be no oral argument; (3) her written brief allowed her to present her arguments and legal authorities; (4) her briefing right remained open until May 12, 2015, forty-four days later; and (5) she still had time to find an attorney to represent her. Doc. 22, at 2.

On May 12, 2015, the deadline date, Plaintiff filed additional post-decision medical evidence. Doc. 23. On that same day, she also filed what she termed "Evidence for Court Case . . . ." Doc. 24. Seven exhibits comprise Plaintiff's evidence: (1) medical evidence from the AR, *id.* Ex. 1; (2) a brief,

5

contained in the AR, filed by Plaintiff's then-attorney with the Appeals Council on August 31, 2012, *id.* Ex. 2; (3) a letter, filed in the AR, from Plaintiff's fiancé "[t]o . . . the Social Disability Judge," *id.* Ex. 3; (4) a portion of a third-party function report, included in the AR, submitted by Plaintiff's fiancé, *id.* Ex. 4; (5) additional post-decision medical records, *id.* Ex. 5; (6) letters to the undersigned dated May 12, 2015, from Plaintiff's fiancé and Plaintiff's daughter, *id.* Ex. 6; and (7) a record printed on May 12, 2015, purporting to list Plaintiff's medications for the previous 180 days, *id.* Ex. 7.

On August 4, 2015, Plaintiff filed another group of post-decision medical records. Doc. 30. The Commissioner then filed her Brief in Support of the Commissioner's Decision. Doc. 31. Plaintiff did not exercise her option to reply to that brief. *See* Doc. 19.

The undersigned agrees with the Commissioner that "[t]he [c]ourt's review is limited to the [AR] of the proceedings before the agency in this matter." Doc. 31, at 5; *see* 42 U.S.C. § 405(g) ("[T]he Commissioner . . . shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . ."). Likewise, the undersigned agrees with the Commissioner that

6

Plaintiff's submissions implicate no remand request. *See* Doc. 31, at 5-6. This report, therefore, does not evaluate materials not found in the AR.

The undersigned does not agree with the Commissioner, however, that the court should deem all arguments waived because "Plaintiff does not present a cogent argument of any kind explaining how she believes the ALJ erred in considering her claims." *Id.* at 3. Among the materials Plaintiff submitted on May 12, 2015 – the filing deadline for her brief – was the August 31, 2012 brief her then-attorney submitted on Plaintiff's behalf to the Appeals Council. The brief raises four claims of error. The following evaluation of these four claims also encompasses what the Commissioner views as Plaintiff's (undeveloped) arguments: (1) "that the ALJ should have found that she had additional severe impairments" and (2) "that the ALJ erred in assessing her RFC." *Id.* at 3-4.

### C. Claimed error.

1. **"ALJ fails to consider either singly or in combination all impairments as severe."** Doc. 24, Ex. 2, at 3.

The ALJ found at step two of the sequential analysis that Plaintiff was severely impaired by asthma, hypertension with edema, obesity, depression, and panic disorder without agoraphobia. AR 25. Plaintiff faults the ALJ's failure to consider her "**diagnosed Schizoaffective Disorder** . . ., 'a **very Severe Obstructive Lung Dysfunction**'; **Chronic Anemia, etiology**

**unknown with repeated abnormalities of blood studies;** Psychotic Symptoms; IBS; R/o Borderline Personality Disorder." Doc. 24, Ex. 2, at 3. But any step-two error by the ALJ "became harmless when the ALJ reached the proper conclusion that [Plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

Next, Plaintiff refers to her "abnormal blood studies" and "anemia." Doc. 24, Ex. 2, at 4. But the court cannot address Plaintiff's references to medical findings alone. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (declining to consider issues not adequately briefed for review).

> 2. **"ALJ confuses diagnosis and symptoms."** Doc. 24, Ex. 2, at 4.

Plaintiff's second claim of error mirrors her first: she faults the ALJ's finding she is severely impaired by depressive disorder and panic disorder – diagnosed by consultative examining psychologist, Gail Poyner, Ph.D. – as compared to schizoaffective disorder – diagnosed by the North Rock Medications Clinic's Fatema Haque, M.D., Plaintiff's treating physician. *Id.* She contends the "ALJ offers no explanation what weight is given treating psychiatrist'sb opinion bthat, indeed, she bdoes have Schizoaffective Disorder . . . ." *Id.* But Plaintiff does not contend this impairment satisfies the criteria of a listed impairment and she fails to point to *any functional limitation*

8

assessed by Dr. Haque not addressed by the ALJ. *Id.*; *see Fulton v. Colvin*, No. 15-6054, 2015 WL 6847808, at *2 (10th Cir. Nov. 9, 2015) (where a treating physician diagnosed a condition but did not opine on the functional limitations imposed by the condition and claimant does not allege the condition is of listing-level severity, "the diagnos[i]s by [it]sel[f is] not significantly probative evidence the ALJ had to reject in order to find [the claimant] was not disabled, and therefore the ALJ did not need to discuss [it]") (unpublished op.).

### 3. "Minimization of Medical Evidence." Doc. 24, Ex. 2, at 4.

Plaintiff asserts the "ALJ refers to shortness of breath and complaints of shortness of breath as Asthma, ignoring Social Security's own ordered Pulmonary Function Study Test . . . performed 6/25/2009 . . . ." *Id.* But Plaintiff fails to note that the results of Plaintiff's June 25, 2009 testing were questionable because "[i]t was very hard to tell if the patient was giving full effort." AR 736. When the testing was repeated on October 7, 2009 at a different facility, Plaintiff's cooperation was fair and the results significantly improved. *Id.* at 774, 749-52.

Plaintiff also claims that in giving great weight to the findings of Dr. Poyner, the consultative examining psychologist, she necessarily gave great

9

weight to Dr. Poyner's GAF assessment of 50, which Plaintiff contends shows serious symptoms, including the inability to hold a job. Doc. 24, Ex. 2, at 5.

"The GAF is a 100–point scale divided into ten numerical ranges, which permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning." *Keyes-Zachary*, 695 F.3d at 1162 n.1. A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* (internal quotation marks omitted). Here, Dr. Poyner assessed a GAF score of 50 but provided no rationale for the rating. AR 746. So, the significance of the GAF rating is negligible. *See Davison v. Colvin*, 596 F. App'x 675, 682 (10th Cir. 2014) ("[Plaintiff's] GAF scores did not include explanations for the ratings given and, further, did not indicate that [Plaintiff] was unable to work. Accordingly, these lower GAF scores do not undermine the ALJ's conclusion concerning the seriousness of [Plaintiff's] mental status or ability to work.").

Plaintiff also challenges the ALJ's finding that was less than credible because she reported having had toxemia – a condition found in women past the twentieth week of pregnancy – although none of her records indicated she was pregnant. Doc. 24, Ex. 2, at 5; AR 32. Plaintiff's challenge is not well-

10

taken. It is grounded solely on her speculation that "she probably meant she had Hypoxemia related to lung dysfunction rather than Toxemia." Doc. 24, Ex. 2, at 5. She does not deny making the report or claim the ALJ had any knowledge she "probably" did so in error. *Id.*

    4.  **"Flawed RFC."** *Id.*

Plaintiff submits that "[b]cause ALJ ignored or minimized medical findings regarding various impairments, RFC is flawed." *Id.* She claims that, "[a]s discussed, *infra*, ALJ's RFC is not based on substantial evidence, and is error." *Id.* She does not direct the court to any evidence of any additional functional limitation allegedly overlooked by the ALJ in assessing her RFC.

**IV. Recommendation and notice of right to object.**

The undersigned recommends the entry of judgment affirming the Commissioner's final decision.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by December 8, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate

review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 18th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE